UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE CONTRERAS, | ) | 1:09-CV-00388 LJO SMS HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 22, 2006, Petitioner was convicted in the Tulare County Superior Court of first degree murder, attempted murder, permitting another to shoot from a vehicle, discharging a firearm from a vehicle at a person, and shooting at an inhabited dwelling. See Petition at 2. Petitioner was sentenced to serve a term of life without the possibility of parole. Id. Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. Id. On July 5 2007, the judgment was affirmed by the appellate court. Id. at 3. Petitioner states he has filed no other petition or motion with respect to the judgment in any court, state or federal. Id.

On March 2, 2009, Petitioner filed the instant federal petition for writ of habeas corpus.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion

of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner states he has only sought relief in the state appellate court. Since he has not sought relief in the California Supreme Court, the instant petition is unexhausted and must be dismissed. 28 U.S.C. § 2254(b)(1).

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.[1] Petitioner is forewarned that there is a one year limitations period

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

in which Petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. §2244(d)(1). In most cases, the one year period starts to run on the date the California Supreme Court denies Petitioner's direct review. Rose v. Lundy, 455 U.S. 509, 521-522. The limitations period is tolled while a properly filed request for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 9, 2009**                                    /s/ Sandra M. Snyder
                                                                                UNITED STATES MAGISTRATE JUDGE

---

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.